Luis Sanquírico, demandante y apelante, *v.* Junta de Retiro de los Empleados y Funcionarios del Gobierno Insular, Etc., demandada y apelada.

No. 6273. *Sometido:* Junio 22, 1933. *Resuelto:* Febrero 14, 1934.

*C. Iriarte* y *F. Fernández Cuyar,* abogados del apelante; *Hon. Procu-
rador General Benjamin J. Horton* (*Charles E. Winter* en el ale-
gato) y *F. Janer, subprocurador,* abogados de la apelada.

El Juez Presidente Señor Del Toro, emitió la opinión del
tribunal.

Este es un caso de *mandamus.* En la petición se alega:

"1.—Que el peticionario es mayor de edad, casado y vecino de
San Juan, Puerto Rico, y la demandada es una junta administra-
tiva gubernamental creada por la Ley No. 104, aprobada por la
Asamblea Legislativa de Puerto Rico en el año 1925 para los fines
y con las facultades que en dicha ley se enumeran, y está integrada
por los señores Manuel V. Domenech, Charles H. Terry, Juan M.
Herrero, Dr. A. Fernós Isern y José G. López.

"2.—Que el peticionario estuvo empleado en el Gobierno Insular,
por espacio de más de veinte años, hasta el 13 de febrero de 1931,
y con fecha 26 de enero de 1931, la Junta demandada bajo las dispo-
siciones de la sección 8 de la Ley No. 104 de septiembre 2, de 1925,
le concedió su retiro al demandante.

"3.—Que el peticionario estuvo suspenso de empleo y sueldo desde
julio 6 de 1922 hasta febrero 1 de 1924, pendiente de la sustancia-
ción de una acusación formulada contra él por el Gran Jurado de
la Corte de Distrito de los Estados Unidos para Puerto Rico, ha-
biendo sido repuesto en su empleo en el Departamento de Hacienda
en febrero 1 de 1924, por haber sido absuelto de dicha acusación por
la referida Corte.

"4.—Que la Legislatura de Puerto Rico, por Resolución Conjunta
No. 7 que pasó a ser ley en 14 de abril de 1931, ordenó el pago
al peticionario, Sr. Sanquírico, de los sueldos correspondientes al ex-
presado período de suspensión, por haber encontrado que no hubo
causa justificada para la misma.

"5.—Que la Junta demandada, al computar el tiempo de los ser-
vicios prestados por el peticionario, al efecto de determinar la pen-
sión que debía asignarle de acuerdo con la ley, excluyó el tiempo
durante el cual estuvo el peticionario suspenso de empleo y sueldo.

"6.—Que en comunicación dirigida al peticionario por la Junta
demandada en 2 de marzo de 1931, se le notificó al peticionario que,
de acuerdo con la computación hecha por la Junta demandada, la
pensión asignádale al peticionario montaba a MIL VEINTICINCO DÓLA-
RES CON SESENTA Y CUATRO CENTAVOS ANUALES.

"7.—Que con fecha 17 de abril de 1931, el peticionario comunicó por escrito a la Junta demandada su protesta en contra de la computación hecha para determinar el montante de la pensión a que tiene derecho el peticionario, y reclamó en dicha comunicación una pensión anual de MIL NOVENTA Y UN DÓLARES CON NUEVE CENTAVOS, para la computación de la cual incluyó el peticionario el período de tiempo comprendido entre julio 6 de 1922 y febrero 1 de 1924, durante el cual, como queda dicho, estuvo injustificadamente suspendido de empleo y sueldo.

"8.—Que la Junta demandada, por carta de octubre 19 de 1931, se negó a reconocer el derecho del peticionario a que se le compute, a los efectos de determinar el montante de su pensión anual, el total de tiempo de los servicios prestados sin excluir el período de tiempo durante el cual estuvo suspenso de empleo y sueldo el peticionario, sin causa legal alguna para ello."

Presentada la solicitud se ordenó a la demandada que compareciera a mostrar razones a virtud de las cuales no debiera expedirse el auto. Compareció en efecto la demandada y expuso los motivos que tenía para oponerse al libramiento. Esos motivos fueron considerados por uno de los Jueces de Distrito de San Juan, el Sr. Llauger, y no estimados suficientes, ordenándose en su consecuencia la expedición de un auto de *mandamus* condicional.

Parece conveniente transcribir las razones que tuvo el Juez Sr. Llauger para fundar su resolución. Son las que siguen:

"Los fundamentos que tiene la demandada para que se desestime la petición de plano, son los siguientes: 1.—Porque el tiempo que el peticionario estuvo fuera del servicio no es computable a los efectos de calcular el montante de la pensión del empleado; 2.—Porque de la propia solicitud aparece que la junta demandada actuó en el ejercicio de las facultades discrecionales, no habiendo abusado de su discreción; y 3.—Porque el peticionario carece de un claro derecho a que se expida el auto de *mandamus* que se solicita.

"La sección 8 de la Ley No. 104 de 1925, dispone que cualquier funcionario o empleado a quien sea aplicable la ley y que haya prestado servicios por lo menos de 20 años, tendrá derecho a una pensión vitalicia anual igual al 2% del promedio de su sueldo o compensaciones básicas anuales durante los 7 últimos años de servicio com-

putables, multiplicados por el número de años de servicio. La computación de estos servicios se hace de acuerdo con la sección 2 de la ley, la que dispone que al computar el tiempo de servicio, será excluído el tiempo en que el funcionario o empleado hubiera estado fuera del servicio y el de cualesquiera licencias que excedieran de 90 días dentro de un año natural, así como todo servicio temporero con posterioridad a enero 1 de 1924.

"Como para los efectos de esta moción presentada por la demandada, debemos admitir los hechos de la demanda como ciertos, el más elemental principio de lógica nos dice que si el empleado estuvo suspenso de empleo y sueldo y más tarde fué repuesto en su cargo, el tiempo durante el cual duró la suspensión, si bien estuvo fuera del servicio, lo estuvo por una causa ajena a su voluntad y en cualquier tiempo estuvo obligado a reincorporarse y prestar de nuevo el servicio que venía prestando tan pronto cesare la causa de su suspensión. El hecho de que la Legislatura haya también aprobado la resolución conjunta a que hacemos referencia antes y que en la misma se exprese que no hubo causa justificada para la suspensión, y autorice el pago de sus sueldos, debe significar que tal suspensión no puede considerarse como un período de tiempo fuera del servicio en la acepción que tal frase debe interpretarse al aplicar la sección 2 de la Ley No. 104 de 1925.

"Resuelto así el primer fundamento de oposición de la demandada, parece que el segundo de los mismos cae por su base, toda vez que si el empleado estuvo fuera del servicio no por su causa o voluntad, sino por motivos ajenos a su deseo, no puede discrecionalmente la demandada aplicar la ley en la forma en que el demandante alega en su petición le ha sido aplicada, porque dicha demandada no tiene discreción para ello, y de tenerla, no ha podido ejercitarla en esa forma."

La vista que se fijara se dió por celebrada por estipulación de ambas partes, aceptándose por la demandada la verdad de los hechos alegados en la petición, y así sometido el caso a otro de los Jueces de la Corte de Distrito de San Juan, el Sr. de Jesús, fué resuelto definitivamente en contra del peticionario, que apeló entonces para ante este tribunal.

El razonamiento del Juez Sr. de Jesús, fué el siguiente:

"El problema legal que se nos presenta ahora es determinar si el tiempo durante el cual estuvo el demandado suspenso de empleo y

sueldo debe ser computado por la Junta demandada a los efectos de determinar el montante de la pensión que ha de recibir el peticionario.

"La cuestión planteada por el peticionario está resuelta y depende de la interpretación que demos a la Sección 2 de la Ley No. 104 de 1925 que prescribe en parte lo siguiente:

" 'Al computar el tiempo de servicios para los efectos de esta ley, *serán excluídos el tiempo en que el funcionario o empleado hubiere estado fuera del servicio;* y el de cualesquiera licencias que excedieran en total de noventa días dentro de un año natural, así como todo el tiempo de servicio bajo nombramiento temporero con posterioridad a enero 1, 1924.'

"A nuestro juicio la intención del legislador está claramente expresada en dicho párrafo en el sentido de que los servicios que han de tomarse en consideración para computar el tiempo deben ser servicios realmente prestados (*actually rendered.*) El hecho de que la ley excluya el tiempo de las licencias que excedieran de noventa días dentro de un año natural demuestra que la intención de la Legislatura es tomar en consideración solamente el tiempo invertido en la prestación de servicios, y no el tiempo durante el cual haya ocupado el funcionario el cargo público. ¿Por qué excluir de la computación las licencias que exceden de noventa días e incluir una suspensión de empleo y sueldo por espacio de dos años? El peticionario nos cita abundante jurisprudencia para demostrar que un funcionario público que está suspendido de empleo y sueldo no deja de ser tal funcionario por el hecho de la suspensión, pero ése a nuestro juicio no es el punto en controversia. Aceptamos que el funcionario público suspendido de empleo y sueldo continúa siendo tal funcionario hasta que cese definitivamente en su cargo ya sea por renuncia, destitución o por haber expirado el término por el cual fué nombrado, pero no podemos aceptar que un funcionario que está suspendido de empleo y sueldo está prestando servicios a El Pueblo de Puerto Rico como tal empleado. Su situación en cuanto a la prestación de servicios se refiere, es la misma que la de un empleado o funcionario en uso de licencia y no hay motivo para hacer distinción alguna entre una licencia que exceda de noventa días y una suspensión de empleo y sueldo por dos años como en este caso, pues donde la ley no distingue los tribunales no deben distinguir."

Después de un cuidadoso estudio de los hechos y la ley, de las opiniones emitidas por los jueces de distrito y de los alegatos de los abogados de ambas partes, opinamos que tiene razón el peticionario.

A nuestro juicio todo depende de la interpretación que se dé a las palabras "fuera del servicio" usadas en la sección 2 de la Ley No. 104 de 1925 (pág. 949), que es la aplicable. Creemos que un empleado "suspendido" sólo puede considerarse que estuvo "fuera del servicio" durante el tiempo de la suspensión, si al resolverse su caso definitivamente se le destituye o separa de su empleo. Pero si se resuelve que vuelva a él por estimarse injustificadas las causas que motivaron la suspensión, debe concluirse que permaneció siempre dentro del servicio.

La comparación que se hace con el caso de las licencias nos lleva a una conclusión contraria a la sostenida por el juez sentenciador. Los efectos de las licencias en relación con la pensión es algo que la ley regula expresamente y dentro de la regulación misma podemos ver cómo un empleado que está de hecho sin prestar servicios durante una licencia de noventa días, no se le considera fuera del servicio sino dentro de él a los fines de la computación. Cuando la licencia excede de noventa días, no tiene el funcionario derecho a la computación, y es que generalmente después de esos noventa días no se percibe sueldo alguno por el funcionario y si se percibe ya ha sido el funcionario expresamente avisado de que no se tomará en consideración a los efectos del retiro. Además, la licencia se solicita por el funcionario para su propio beneficio, mientras que la suspensión se impone al funcionario en contra de su voluntad, y si ulteriormente se decide que fué injusta y se ordena el pago de los sueldos que durante ella debió percibir, de cuyos sueldos se descuenta la cantidad correspondiente al fondo de retiro, entonces no existe a nuestro juicio fundamento alguno para excluir de la computación el tiempo que el funcionario estuvo suspendido a base de lo dispuesto en la repetida sección 2 de la Ley No. 104 de 1925.

*En tal virtud, debe revocarse la sentencia recurrida y en su lugar dictarse otra ordenando la expedición del auto solicitado.*