Félix Colón, demandante y apelado, *v.* Junta de Retiro de los Funcionarios y Empleados del Gobierno Insular de Puerto Rico, etc., demandada y apelante.

No. 6591.—*Sometido:* Diciembre 4, 1934. *Resuelto:* Mayo 3, 1935.

Hon. Procurador General Benjamin J. Horton y Angel C. Calderón, *Subprocurador,* abogados de la apelante; *Juan B. Soto,* abogado del apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Félix Colón, alegando haber prestado servicios al Gobierno Insular por un período mayor de veinte años computados de acuerdo con la sección 2 de la Ley No. 104 de 1925 (pág. 949), solicitó de la junta demandada el retiro a que pretendía tener derecho de acuerdo con la sección 8 de la ley antes citada.

La junta denegó el retiro por el fundamento de que desde el 15 de agosto de 1932 hasta el 30 de septiembre del mismo año, el peticionario había sido suspendido de empleo y sueldo, y que al solicitar su retiro el 31 de julio de 1933 no hacía tres años que había vuelto nuevamente al servicio.

La contestación de la demandada contenía además la siguiente alegación:

"Que en mayo 19, 1933, presentó el demandante una solicitud de retiro a la Junta demandada, que fué denegada en julio 19, 1933, por no estar el demandante en servicio activo en la fecha en que la solicitud fué presentada, habiendo sido suspendido de empleo y sueldo en agosto 15, 1932, suspensión que se extendió hasta septiembre 30, 1932."

Conforme resolvió la corte inferior, no había duda de que el número de años que el apelado había prestado servicios

excedía de veinte. Por tanto, según la corte, toda la cuestión envuelta en el caso giraba sobre la interpretación que debía dársele al artículo 13 de la referida ley, que lee en parte como sigue:

" . . . *Disponiéndose, además,* que todo funcionario o empleado que habiendo dejado de prestar servicios al Gobierno Insular, volviere nuevamente al servicio después de la vigencia de esta ley, deberá servir, por lo menos, durante tres años consecutivos para tener derecho a gozar de los beneficios de esta ley."

El juez de distrito se fundó en parte en la versión inglesa, que lee así:

" . . . *Provided, further,* that any officer or employee who has ceased to render services to the Insular Government and who again returns thereto after this act takes effect, shall serve for at least three consecutive years before he is entitled to enjoy the benefits of this act."

La corte resolvió que el contexto de la sección se refería a empleados o funcionarios que habían dejado de prestar servicios antes de empezar a regir dicha ley y que el referido disponiéndose no podía ser aplicable a personas que estuvieran de hecho dentro del servicio al empezar a regir la ley.

Nos inclinamos a creer que el razonamiento de la corte inferior estaba equivocado, pero su sentencia, al ordenar que se pagara la pensión al peticionario, puede ser confirmada por un fundamento distinto, que tal vez ha sido ligeramente sugerido en el alegato del apelado. Es un hecho saliente que el peticionario fué suspendido de empleo y sueldo desde agosto de 1932 hasta septiembre del mismo año, o quizá por un período mayor. De los autos no se desprenden las razones exactas por las cuales tuvo lugar la suspensión. Evidentemente no fué un retiro voluntario.

Dudamos que la demandada alegara suficientemente la separación del demandante del servicio hasta mayo o julio de 1933, pero podemos aceptar como cierta esa alegación.

Nos sentimos obligados a resolver que el disponiéndose

arriba citado se aplica más particularmente a aquellas personas que voluntariamente se han separado del servicio por un período razonable de tiempo y regresan a éste tan sólo prácticamente para obtener el beneficio de la pensión. Cuando una persona regresa al servicio después de una separación prolongada del mismo, voluntariamente hecha, la intención de la legislatura fué que tal empleado prestara nuevos servicios por un período de tres años.

Cuando un empleado es suspendido de su empleo contra su voluntad, éste no ha dejado de prestar servicios dentro del espíritu del referido disponiéndose. Aunque los hechos fueron algo distintos, el razonamiento de *Sanquírico* v. *Junta de Retiro*, 46 D.P.R. 201, 206, puede ser aplicado. Allí dijimos:

"A nuestro juicio todo depende de la interpretación que se dé a las palabras 'fuera del servicio' usadas en la sección 2 de la Ley No. 104 de 1925 (pág. 949), que es la aplicable. Creemos que un empleado 'suspendido' sólo puede considerarse que estuvo 'fuera del servicio' durante el tiempo de la suspensión, si al resolverse su caso definitivamente se le destituye o separa de su empleo. Pero si se resuelve que vuelva a él por estimarse injustificadas las causas que motivaron la suspensión, debe concluirse que permaneció siempre dentro del servicio."

En otras palabras, bajo los hechos del presente caso el peticionario no estaba "fuera del servicio".

*Debe confirmarse la sentencia apelada.*